Lipscomb, J.
This cause originated before a justice of the peace, and was takeu by appeal to the District Court, and it was in that court dismissed for want of jurisdiction, from which decision an appeal was taken and brought to this court for revision. The case lias not been argued, but we are informed that tlie decision of the court below rested on the construction of the 10th section of the IVth article of the Constitution of the State, and it is not contended but that if the Legislature had power under the Constitution to give an appeal, it has been given. The 10th section of ¡he IVth article, the only one to which it is said we can resort for the jurisdiction of the District Court, is in the words following:
“The District Court shall have original jurisdiction of all criminal cases; of all suits in behalf of the State to recover penalties, forfeitures, and escheats; and of all cases of divorce; and of ail suits, complaints, and pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall he valued at or amount to one hundred dollars, exclusive of interest; and the said courts or the judges thereof shall have power to issue all writs necessary to enforce their own jurisdiction and to give them a general superintendence and control over inferior jurisdictions. And in the trial of all criminal eases the jury trying the same shall ibid the amount of punishment to be inflicted or fine imposed, except in capital cases, and where the punishment or fine imposed shall bo specifically imposed by law.”
It was supposed that whatever jurisdiction could rightfully be exercised by the District Court must he derived from the section just cited, and, from the; language in which it is expressed, that it could not take cognizance of anything done in an inferior jurisdiction except in the modes therein directed, and that was to he by the issuance of some writ either by the court or by one of the judges thereof; that the provision contained in that part of the ninth line of the section, “And the said courts and the judges thereof shall have power to issue all writs necessary to enforce their own jurisdiction and to give them a general superintendence and control over inferior jurisdictions,” excludes all presumption that it was intended that the District Court should exercise jurisdiction in any other mode; that appeals were not within the intention of the framers of the Constitution. The correctness of this construction is supposed *218 to receive confirmation from the 15th section of the same article of the Constitution. It is in the words following-:
“Inferior tribunals shall be established in each county for appointing guardians, granting- letters of administration, for settling the accounts of executors, administrators, and guardians, and for the transaction of business appertaining to estates; and the District Court shall have original and appellate jurisdiction and general control over said inferior tribunals, and original jurisdiction and control over executors, administrators, guardians, and minors, under such regulations as may be prescribed by law.”
The whole of this section is manifestly limited in its operation to the establishment and jurisdiction of the Probate Court, over which the District Court was given, in express terms, appellate jurisdiction. The inference is supposed to be fairly deducible that, as it was not expressed in relation to any other inferior tribunal, it was not intended that it should extend to them'; that the expression of one was the exclusion of the other.
I have thus, in the absence of argument on this interesting question, endeavored fairly to present what is believed to be the opinion of the judge of the District Court and the grounds on which it is based.
The importance of the question presented is sensibly felt and fully and frankly acknowledged; and it is a matter of serious regret that it should be suddenly sprung upon the court without the benefit of having it discussed at the bar. it is now near four years since the Legislature, at its first session, proceeded to organize Justices’ Courts and define their jurisdiction, and, among other things, gave the right of appeal, as a matter of course, from their decisions to the District Court. The same Legislature, at the same session, passed an act organizing the District Courts, and another regulating judicial proceedings in the District Courts. In the last the manner in which appeals from justices of the peace are to be tried is defined and expressly provided for. In all the intervening- time since those acts were jpassed they have been acted on and judicially recognized as valid without having ever before been questioned. If, however, they are repugnant to the Constitution and could not give jurisdiction, neither the lapse of time nor the practice of the courts can vindicate the exercise of such jurisdiction.
Justices of the peace and other inferior tribunals are recognized by the Constitution; the extent of their jurisdiction, however, is left wholly to the Legislature. But the District Court and the Supreme Court, both as to their institution and jurisdiction, are essentially the creatures o£ the Constitution. On those courts the Legislature can neither confer nor take away jurisdiction. If the jurisdiction given by the Constitution cannot be exercised because the mode has not been expressly provided for in the fundamental law of their creation, it would be competent for the Legislature to regulate the maimer in which it should be exercised. But if the mode had been expressed contemporaneously, and by the same authority that created the jurisdiction, it would not he competent for the Legislature to direct a different mode. The, Supreme Court is exclusively a court of appellate jurisdiction. The Constitution has conferred on it no original jurisdiction, nor can the Legislature confer any such, because it has been created by the Constitution an appellate tribunal only. Tiie District Court is a court of original-jurisdiction, and this original jurisdiction is not derived from nor dependent on the Legislature. All that can be done by the Legislature is to regulate the maimer m which its jurisdiction shall be exercised. If the Constitution has not given it appellate powers it is not competent for the Legislature to do so. There is a very obvious distinction, to my mind, between controlling an inferior jurisdiction and the exercise of an appellate power: the former can be exerted to prevent action; the latter requires the act to he done before it can be appealed from. Hence, when the 10th section of the IVth article of the Constitution confers the power on the District Court and the judges thereof to “issue all writs neeessaiy to enforce their own jurisdiction and to give them a general superintendence and control over inferior jurisdictions,” it’does not, from necessity or by reasonable *219 inference, give them appellate jurisdiction. If it was intended to withhold general appellate jurisdiction, and yet to give a control over inferior jurisdiction, it would have been difficult to have expressed that object in more appropriate terms than have beeu used. A control of the acts of those tribunals is expressly given by the issuance of writs very familiar to courts of general original jurisdiction. The writs of certiorari, mandamus, quo warranto, injunction, and prohibition, would afford ready means of exercising such control. liad it been intended that, in addition to the use of these writs, a general appellate jurisdiction should bo exercised, it is certainly most probable that it would have been so expressed iu the 10th section, as it is in the 15th section, in giving jurisdiction over the Probate Court.
Believing .that the power to give jurisdiction by the act of the Legislature cannot be derived from the Constitution, there is no error iu the decision of the court below in dismissing the appeal.
Judgment affirmed.