Lipscomb. J.
This suit was an action for a forcible entry and detainer, brought by Dunn, the appellee, against the defendant before a justice of the peace for the county of Refugio. There was a verdict and judgment for the plaintiff. The defendant obtained a certiorari from one of tlie" judges of the District Court, and the cause, after the return of the certiorari, was transferred by consent to the District Court. The judge of the District Court dismissed the case, assigning as a reason for his decision that it was for want of jurisdiction. We have no doubt the judge was influenced by a misconception of tlie opinion of this court in the case of Titus v. Jjatimer, decided at the last term of this court. He must have supposed that it liad gone so far as to make tlie judgment of a justice of the peace final and conclusive on the parties, from which there was no means left to an iujured party to have redress of such injury. A reference to our opinion in that case will show that so far from so ruling we, in deciding that no appeal as a matter of right could be given by act of the Legislature from the decision of a justice of the peace, at the same time clearly pointed out that the remedy for the injury inflicted on the party by the proceedings before the justice was to be found in the last member of the 10th section of the IVth article of our State Constitution. The sentence reads as follows:
“The District Court shall have original jurisdiction of all criminal cases, of all suits in behalf of the State to recover penalties, forfeitures, and escheats, and of all cases of divorce, and of all suits, complaints, and pleas whatever, without regard to any distinction between law and equity, when tlie matter in controversy shall be valued at or amount to one hundred dollars exclusive of interest; and the said court and the judges thereof shall have power to issue all writs necessary to enforce their own jurisdiction and to give them a general superintendence and control over inferior jurisdictions.”
The majority of tlie court believed that as the Constitution liad defined the modes and means by which it should exercise a general superintendence and control over inferior jurisdictions, it was not competent for the Legislature to point out or authorize the use of other moans different from those; that it must be done by some process issued either from the court or one of the judges thereof; and we illustrated it by naming several writs familiar to courts, sucli as certiorari, prohibition, injunction, &c. If any injury shall be inflicted on a party by the error or misconduct of an inferior jurisdiction, it cannot be *287 redressed by an appeal, because the Constitution has directed that it must be done by the court having the general superintendence and control over such inferior jurisdiction by itself or one of the judges thereof taking the initiative, and issuing a writ appropriate to the injury complained of by the injured party. If it were done by an appeal, it would not be by the issuance of a writ, but the control or supervision would be thrown on the court by the action of the justice iu granting the appeal. There is not a single expression used in the opinion of the court from which it could possibly be inferred that the court had not the jurisdiction by the exercise of some process to superintend and control an inferior jurisdiction. There is manifest error in the court below in the dismissal of the case for want of jurisdiction; but in justice to the judge we are bound to believe that his decision was made without having the opinion of the court before him. It is one of the inconveniences and evils that must result from not having the decisions of the Supreme Court early published that the judge of the District Court has no other knowledge of them than what is derived from garbled and sometimes grossly misrepresented accounts of them.
It will not follow, however, as a necessary consequence in this case that the judgment should be reversed because the judge was in error on the question of jurisdiction. If the decision was right in law, the erroneous reason assigned by the judge in its support would not affect it; the decision would stand. It is-the decision and not the opinion of the court below we are called on to revise. And this leads us to inquire what should have been the course of proceeding in the court below on the case presented by the record. The petition to the judge of the District Court for a writ of certiorari sets forth the suit for a. forcible entry and detainer before the justice of the peace; that proceedings were thereon had and a judgment against him ; but shows no error in fact or in law of which he complains until after the judgment of the justice of the peace was rendered, nor any exceptions taken by him to the judgment before the justice, nor to the regularity of the proceedings on which that judgment was obtained. He complains that he asked for an appeal, which was refused, unless upon terms onerous and illegal. The refusal to allow him to-appeal is the sole ground of injury on which he rested his petition for the cer-tiorari.
The manner in which a case brought into court by the writ of certiorari shall be tried is not uniform, as we shall presently show, in the courts of several of the States of our Union, but all concur that the writ of certiorari is not a writ of right, but dependent on the exercise of the sound discretion of the court or judge granting the writ, (8 Greenl. R., 293; 2 Mass. R., 445; Mon. R., 420; 2 Hill, R., 367,) and that the petition should show on its face the injury or error complained of by the petitioner; that, it being an ex parte application, a motion will be entertained on its coming into a higher court to dismiss on the ground that it was improvidently issued, it not setting out in the petition any sufficient ground calling for the superintendence and control of' the higher tribunal. In the State of Tennessee, where this process is often used, it seems to have been decided in Henderson v. Lackey (2 Tenn. R., 110) that there could be but two grounds for dismissing a certiorari: 1st, the not showing why the ordinary remedy, an appeal, was not resorted to; and, 2d,, want of merits apparent on the face of the petition. In the ease of Love v. Hall (3 Yerg. R., 408) we find additional grounds for dismissal to be the failure-to give bond or not showing sufficient reason why the certiorari was not applied for before the succeeding term of the higher tribunal after the injury complained of had occurred. It is believed to be almost the universal rule that the motion should be made to dismiss at I he term of the court to which the certiorari is returned, and in most of the States one ground on which the motion can be made is the want of showing on the face of the petition sufficient cause for its issuance. The true rule is believed to be -that if no merits.are shown in the petition, or that it.had not been taken out and returned in time, or the conditions on which it was granted had not been complied with, such *288 -as giving bond in such amount as required, in any of these cases it ought to be dismissed.
In some few of the States the motion to dismiss has been allowed to be supported by affidavits, and also affidavits received to sustain the certiorari. This is probably where some matter of fact is alleged in the petition as the error complained of by petitioner. (1 Hay R., 280; Chambers v. Smith, 1 Hay R., 366; Vervell v. Trexler, 1 Murph. R., 438; Ledbetter v. Lofton, 1 Murph. R., 184.) The practice would scarcely seem to be tolerated, on the ground that it would either be productive of delay and unnecessary expenses by the trial by the jury of an issue that if found against the party seeking a certiorari would only result in the dismissal of his certiorari, whilst if found in his favor would be productive of nothing to end the suit, but it would still have to be tried as though no motion had been made, or the judge would decide the question himself on (.lie affidavits, which would be an infringement of the right of trial by jury on all disputed facts.
In Alabama they will not allow the sufficiency of the grounds set out in the petition to be questioned in the Circuit Court, although they hold that it should show on the face the grounds of complaint, yet that the sufficiency of them must be determined on by the judge who grants the fiat for the writ, and that His decision cannot be again called in question. (Carey v. Brant, 1 S. & P., 51.) This does not seem to be a good reason for not looking at the sufficiency of the matter set forth in the petition after it has been brought into the circuit or revising court; nor is it consistent with their practice, inasmuch as they do have a motion to dismiss an injunction for want of equity on the face of the bill, and it is likely the courts of Alabama have been led into that practice by the authority of decisions of other States, without adverting to this difference in what is required from the petitioner before a writ of certiorari will be granted. Some of the States will not decide on the application until .•a citation has been served on the opposite party. (Commonwealth v. Downing, 6 Mass. R., 72; Lees v. Childs, 17 Mass. R., 352; Johnson v. Hanna, Wright R., 138.) In such cases it is not an ex parte proceeding in procuring the writ. In Alabama it is granted without the other party being notified'of the application or having any means to resist it. It is, then, with them essentially an ex parte proceeding.
The petition should, it seems, in all cases be verified by the affidavit of the party asking the writ, and either show some matter of error committed by the justice of the peace, or should show that from some accident that the petitioner -could not control he had not made the defense before the justice of the peace, ..going to the merits, that he really could have made but for the reason assigned. This, it is believed, will be more frequently the ground for a certiorari than any other in this State.
We have before observed that although there is much uniformity in the decisions of the several State courts as to the grounds on which the writ of certiorari should be issued, they are far from being uniform in practice in the mode, of trying and disposing of the case when it has been so brought up. In Virginia and most of the States east the writ of certiorari is regarded as a writ oE error, and they will not try any question of fact, but only decide the law arising from tiie matter complained of in the petition, and this from the return of the justice of the peace, and will dismiss, affirm, or remand. In North Carolina, Tennessee, and Alabama, if there is sufficient ground for sustaining the writ shown in the petition on which it was awarded, the case is tried on the merits. (Edwards v. Batts, 5 Yerg. R., 441; Wheelock v. Wright, 1 S. & P., 163.)
In South Carolina the writ of prohibition is substituted instead of the cer-tiorari, and on the return of the writ the case is docketed and tried on its merits, differing in nothing from the practice of the three last named States as to the mode in which the case is tried; only differing in the writ employed in bringing up the ease.
We see nothing in the practice of tiiese States that would bo repugnant to our Constitution after a case has been brought into t-lie District Court *289 'by a process directly authorized to he used in the superintendence and control •of an inferior jurisdiction. It would have been competent for the'Legisláture to have provided for the manner in which it should be tried. This, though not provided for expressly in case of certiorari, yet has clearly received legislative •sanction. The act of the Legislature directing that the case shall be carried into the District Court by appeal further provides that it shall be tried dc novo. We have decided that the first is repugnant to the Constitution because an appeal to the District Court is not a process from that court nor one of its .judges. But it does not follow as a necessary consequence that the latter provision should also be void on the ground of its uneonstitutionality. It would seem that when the ease was brought into the District Court in a legal way, the provision for its trial would then be valid and operative. This view would to my mind sustain the distinct rights and powers of both the legislative and .judicial departments. The case cannot be thrown upon the District Court by legislative action; but when brought there by a process of its own, the Constitution being silent as to the mode of trying it, the Legislature may prescribe the mode. We therefore believe that when the judgment of a justice of the peace has been brought into the District Court on grounds not subject to the exceptions we have noticed in another place, the suit should be then tried on its merits and receive the final judgment of the District Court.
Note 100. — Ford v. Williams, 6 T., 311; Clay v. Clay, 7 T., 250; Hope v. Alley, 11 T., 259; Inge ■v. Benson, 15 T., 315; Cordes v. Kauffman, 29 T., 179.
Note 101. — Ellett v. More, 6 T., 243; Steinlein v. Dial, 10 T., 26S; Abies v. Pearle, 10 T., 285; Jordan v. Slaughter, 10 T., 318; Mowery v. Lawson, 12 T., 31; Holt v. MeCasky, 14 T., 229: Gabel •V. Houston, 29 T, 335.
In the case before us we perceive in the petition but one ground of injury •complained of by the plaintiff, and that is the refusal of the justice to allow him to appeal unless he complied with the onerous and oppressive condition -imposed. If an appeal would have been his right in law, we would have regarded this requisition of the justice both unlawful and oppressive, and furnishing a very strong ground for the certiorari; but having no right to appeal, 'it worked no injury, as the appeal, if it had been allowed by the justice, would have been dismissed for want of’jurisdiction. The petition, then, as presented, showed no grounds for the certiorari. The judgment of the District •Court is right. It ought to have been dismissed, but not for the reason assigned by the court. The judgment, and not the reason, is under revision. We must therefore affirm the judgment, not as the court below supposed, for want of .jurisdiction, but because the petition disclosed no grounds for the award and issue of the certiorari.
Judgment affirmed.