Livscoiuu, J.
The only point presented for our consideration in this case is on tiie. coustilulionality of the act of the last Legislature conferring on the clerks of (he District Court authority io issue writs'of certiorari to bring a ease from a .1 usi ice’s Court into the District Court. In the well-considered decision of this court in the case of Titus v. Latimer, 5 Tex. R., 433, it was held that the act of the Legislature giving an appeal to the District Court from a judgment oí a just ice'of the peace was repugnant to tiie Constitution, (see 10th section, .) uurorAii DEPARTMENT,) and was therefore void. We are fully satisfied with tiie, correctness of that decision, nor shall we attempt its vindication by any additional reasons to those contained in our opinion given at tiie time the decision was made. That it was to evade the effect of this decision the act of the Legislature at its last session was passed, wo are fully aware. From some real or supposed inconvenience attending the procuring the writ of certiorari from tiie. District Court, or one of the judges the'rcof, the authority was attempted to be conferred on the clerks of the'District Court; and it seems that the Legislature intended that it should be a writ of right, and should not be a question for judicial action, whether it should be issued or not. Now, if the Constilution had, in conferring tiie controlling jurisdiction upon the District Court been silent as to the mode or manner in which it should be carried into e.fieetive operation, it would scarcely be doubted that it would have been competent for tire Legislature, in regulating tiie mode in which the jurisdiction should be brought to act upon the subject, to have employed the writ of certiorari as the medium, with such modifications of its common-law attributes as might have been thought expedient; but this is not the case. The Constitution, in making the grant of jurisdiction to tiie District Court to control inferior jurisdictions, is not silent, but directs that, it shall be by the use of a writ to issue from the court or one of its judges; and by rejecting tiie term appeal and using that of control, clearly indicates that it is not a writ of right, but dependent on tiie judicial discretion of the court or one of tiie judges thereof; because it would not control or superintend the judgments of the, inferior jurisdiction, unless it should be believed by the court or judges exercising such control or superintendence that wrong liad been done by tiie inferior tribunal; and it cannot bo supposed that they were to exercise this control and superintendence wantonly and capriciously, without regard to what had been done, right or wrong. The clear meaning of the Constitution is, that whatever wrong has been done to the litigant in tiie inferior tribunal should be righted, on showing to tiie satisfaction of tiie District Court or one of its judges that such wrong lias been inflicted. The term District Court, as used in the Constitution, means the court in session for tiie exercise of its judicial functions, and cannot moan a ministerial officer of tiiat court; yet, by the act under discussion, (lie Legislature assumes to confer upon such ministerial officer a judicial function given by the Constitution to the court or one of the *168 judges thereof. By including the last it was designed to enlarge the remedy for the redress of a wrong by enabling the injured' party to make his application to one of the judges if the court was not in session.
If the Legislature were permitted to confer one judicial attribute upon the clerks, they could another, and, in the language of the Attorney General, authorize him to issue injunctions, quo warranto and mandamus, and thus to strip the District Court or judges thereof of their highest judicial functions and transfer the same to a mere ministerial officer. It is unpleasant, at all times and under any circumstances, that there should be any collision between any of the departments of our State Government; but it is affectation to say that the judges should never decide an act of the Legislature to bo unconstitutional, unless they clearly thought it to be so; and it means nothing more than that unless the'judge believed the act to be contrary to the Constitution ire ought not to decide that it is so. No honest judge, with ordinary capacity, would do so ; therefore tho caution against it ought never to have found a place in a law book.
If I believe that so much of the act of the Legislature giving the right to the clerk of the District Court to issue writs of certiorari is repugnant to the Constitution, I aurbound to say that it is void; audit is hoped,'-if that time ever should arrive when the judges will either want integrity or nerve to declare an act of the Legislature void on this ground, when they honestly think it to be so, that the time is removed far distant in the future. Believing, as we do, that the act, so far as it assumes to confer such powers upon the clerks of the District Courts, is repugnant to the Constitution, we affirm the judgment of the District Court.
Judgment affirmed.