### J. M. Clark v. P. R. Snow.

On the trial of a cause, removed by *certiorari* from the court of a justice of the peace, the District Court has no jurisdiction of a matter of litigation not before the justice, on the trial below.

The right of possession, is the only matter in issue, in a proceeding under the statute of forcible entry and detainer; and the plaintiff cannot, in it, recover for rent of the premises wrongfully withheld.

Error from Dallas. Tried below before the Hon. Nat. M. Burford.

This was a proceeding of forcible entry and detainer, commenced by P. R. Snow against J. M. Clark, in the court of a justice of the peace, where judgment was rendered against the plaintiff in error, who removed the case to the District Court, by a *certiorari;* and in the District Court, judgment was rendered against him, for the premises claimed, and for the sum of $31.50, for their rent. No claim had been made for rent in the justice's court.

There was no bill of exceptions or statement of facts, and the only error assigned was, the judgment of the court for rent of the premises claimed.

*E. C. McKenzie,* for the plaintiff in error.

*George W. Guess,* for the defendant in error.

Wheeler, C. J.—It is assigned as error, that the court gave judgment for rent of the premises in question; and we are of opinion, that the objection to the judgment is well taken. In the complaint before the justice, there was no claim for rent. That claim was first made and allowed on the trial of the appeal in the District Court, which court had not jurisdiction of that subject-matter, and was forbidden to entertain it on the trial of the appeal. (Hart. Dig., Art. 714.)

Clark v. Snow.

Moreover, the remedy for forcible entry and detainer, is dependent entirely on the statute, which prescribes the mode of procedure and the judgment which shall be rendered; that is, if for the plaintiff, that he have restitution of the premises, and costs. The statute evidently contemplates that no other matter will be put in litigation, in this action, than merely the right of possession. It is a summary remedy, provided to enable a party, upon whose possession another has entered by force, or against whom a tenant forcibly holds over after the termination of the lease, to have immediate restitution of the possession, without the necessity of resorting to an action upon the title. The provisions of the statute do not extend the remedy to other matters of dispute between the parties. The judgment for rent was unauthorized, and must be reversed and set aside. In the judgment for restitution of the premises, there is no error, and it is affirmed.

Reversed and reformed.