### JESSE DAY V. G. FLOURNOY AND ANOTHER.

Under the Constitution of 1845, the only mode by which a district court could acquire jurisdiction of an action cognizable by a justice of the peace was by the writ of *certiorari;* and in such an action it was not competent for the parties litigant to waive the issuance of the writ, and still confer jurisdiction upon the district court as though it had duly issued.

APPEAL from Hays. Tried below before the Hon. A. W. Terrell.

The opinion relates to the question of jurisdiction only, and sufficiently states the facts bearing on that question.

*Thos. E. Sneed,* for the appellant.

*W. L. Robards,* for the appellees.

WALKER, J.—At the commencement of this suit the Constitution of 1845 was in force. The action was commenced before a justice of the peace, and the amount involved was less than one hundred dollars.

Article four, section ten, of the Constitution limited the original jurisdiction of the district court to one hundred dollars and upwards. The only mode by which this case could have been taken to the district court was by the writ of *certiorari.* (See O'Brien v. Dunn, 5 Texas, 570.)

The record does not show that the case was taken to the district court on *certiorari* in the manner pointed out by law.

The agreement of parties to waive what the law required to be done, could give the court no jurisdiction.

The judgment of the district court is reversed and the cause dismissed.

Reversed and dismissed.