*Coke, Herring & Anderson, Speight & McKenney,* and *Flint, Chamberlin & Graham,* for the appellees, contended that the judgment enjoined was absolutely void.

## W. H. HAMMAN v. CHARLES LEWIS.

1. Under the Constitution of 1866 (which gave to the county courts jurisdiction of money demands less than five hundred dollars), the district courts, by virtue of their general superintendence and control over inferior tribunals, had the power to bring before them, by the writ of *certiorari,* judgments of the county courts rendered on money demands. (Titus v. Latimer, 5 Texas, 433, cited by the court.)

2. A defendant's petition for a *certiorari* should not only show that he had a meritorious defense to the action, but also that he had used proper diligence in presenting it; but inasmuch as the record brought up by *certiorari* to the district court shows that the plaintiff, without necessary proof, obtained judgment for a much greater amount than he was entitled to, this court looks to the merits of the case and the injustice of the original judgment, rather than to objections to the petition for the *certiorari,* imputing negligence to the defendant in not making proper defense in the original forum.

3. The form of a judgment is not material, if it contains the substance required by law.

4. Prior to the act of 1871, allowing appeals from interlocutory judgments, a judgment from which an appeal could be taken must have made some final disposition of the case. An order of a district court, overruling a motion to quash a writ of *certiorari*, was only interlocutory, and could not be appealed from.

ERROR from Robertson. Tried below before the Hon. N. Hart Davis.

This action was brought in January, 1868, by Hamman against Lewis, in the County Court of Robertson county, then exercising the civil jurisdiction conferred upon such courts by the Constitution of 1866. Part of the demand sued on was a note for seventy dollars, executed in 1861 to the plaintiff and his then partner by the defendant and his then partner. The remainder was a written instrument, made by the defendant and his partner in the same year, retaining the plaintiff's law firm in the defense of a certain law suit, and stipulating to pay the law firm ten per cent. of the amount which they might *save* to their clients in the defense of the suit. The allegations of both parties respecting this last instrument were various, but need not be set out in detail, as the case does not involve their sufficiency.

In the county court the plaintiff, Hamman, recovered judgment for four hundred and fifty dollars, and a new trial was refused to the defendant, who gave notice of appeal to the district court, but failed to perfect his appeal.

The defendant, Lewis, subsequently petitioned the district judge for a *certiorari*, to bring the case to the district court for a trial *de novo*. He alleged in his petition that if he owed the plaintiff anything it was very little, and could not exceed one hundred dollars; and that in the trial in the county court the plaintiff introduced no evidence to show any liability of the defendant by reason of the written retainer, other than that instrument itself.

The allegations of the petition with respect to diligence in presenting the defense in the county court were not clear nor satisfactory.

The *certiorari* being granted by the district judge, the case made its appearance in the district court; and the plaintiff moved that court to quash the writ of *certiorari* for several causes assigned, and among them that the defendant failed to show that he had used proper diligence in making defense, if any he had, in the county court. This motion to quash was overruled, and the plaintiff thereupon gave notice of appeal to the Supreme Court, and " declined to try further in the cause," and the defendant announced ready for trial, and asked the court to dismiss the suit for want of prosecution, which motion of the defendant was granted. The foregoing comprises the entire intelligible recitals in the judgment or order of the district court to which the writ of error was sued out in this case.

*W. H. Hamman,* in proper person, filed a very able brief and argument in support of the errors assigned by him. Its length precludes the insertion of it entire, and an attempt to abbreviate it would not be satisfactory.

*Robards & Jackson,* for the defendant in error.

WALKER, J.—Hamman brought suit on a money demand in the county court, and recovered a judgment for four hundred and fifty dollars.

The defendant Lewis sought to take the case to the district court by *certiorari.* Some doubt is expressed as to the power of the district court, under the Constitution of 1866, to take a case from the county court, on *certiorari,* when the action is based on a money demand. We think this power is clearly implied in section six, article four. It is therein provided that the district courts shall have power to issue writs of injunction, *certiorari,*

and all other writs necessary to their jurisdiction, and to give them a general superintendence and control over inferior tribunals.

Under the Constitution of 1845, the case of Titus v. Latimer (5 Texas, 433,) was decided. The analogy between the Constitution and laws then in force, and those now in force, makes this case of great weight in deciding the one at bar. No member of the court had any doubt of the power of the court to bring a case from a justice's court before it, by *certiorari;* but Judge Wheeler thought it could also be done by appeal. (See also O'Brien v. Dunn, 5 Texas, 570; Newsom v. Chrisman, 9 Texas, 113.)

The next question for our consideration is the legal sufficiency of the petition for *certiorari.* We think that the petition in this case states enough to satisfy the court that the defendant had a meritorious defense to the greater part of the judgment; but the defendant is not clear of negligence in not making his proper defense, and if the plaintiff had been held to the proper proof of his demand, we should be strongly inclined to hold the petition as insufficient. But this was not the case. The note which the plaintiff presented to the court was for seventy dollars. This proved itself; and under the proof, this was all the plaintiff was entitled to recover. The judgment was therefore erroneous, and it may have been oppressive and unjust. (See 17 Texas, 125; 7 Texas, 237; 16 Texas, 551.)

It is very doubtful in our minds whether the judgment of the district court (if any was rendered) is such an one as can be appealed from.

The form of a judgment is not material, so it contains the substance required by law. (5 Texas, 177.) The plaintiff, when his motion to quash was overruled, refused to prosecute his case further, and the defendant had it dismissed for want of prosecution. There is no judgment even for costs. The only portion of the record which contains anything which could properly be regarded as a judgment is that dismissing the motion to quash. This was only interlocutory, and could not be appealed from.

A judgment from which an appeal can be taken must show some final disposition of the case. It may be that the plaintiff take nothing by his suit, or that the defendant go hence without day and recover his costs, etc. (Hanks v. Thompson, 5 Texas, 6; Warren v. Shuman, 5 Texas, 449; Bradshaw v. Davis, 8 Texas, 345.)

We think the proceedings of the district court were correct in all respects other than in not entering a final judgment for costs. We must regard this case as' *coram non judice,* and dismiss the appeal, with the suggestion that the district court enter judgment *nunc pro tunc.*

Ordered accordingly.