### J. L. WILSON V. J. D. BEAUCHAMP.

(No. 464, Tex. L. J., vol. 2, p. 441.)

APPEAL from Ellis County. Opinion by WHITE, J.

§ 713. *Forcible entry and detainer; rent not recoverable in.* The remedy of forcible entry and detainer is dependent entirely upon the statute which prescribes the mode of procedure and the judgment which shall be rendered; that is, if for the plaintiff, that he have restitution of the premises and costs. The statute evidently contemplates that no other matter will be put in litigation in this action except merely the right of possession. The provisions of the statute do not extend the remedy to other matters of dispute between the parties. The judgment for rent was unauthorized, and must be reversed and set aside. [Clark v. Snow, 24 Tex. 242; Pas. Dig. arts. 3869, 3872; Gen. Laws 1870, sec. 2, p. 87.]

February 5, 1879.             Reversed and remanded.