B. P. CURRY V. A. J. TERRELL.

(No. 1332, R. Book No. 4, p. 200.)

APPEAL from Washington County. Opinion by WILL-
SON, J.

§ 239. *County court; pleading new matter in, on ap-
peals from justices' courts.* Where a suit is instituted in
justice's court, and after judgment therein rendered is
appealed or taken to the county court by *certiorari*, the
parties will not be permitted to plead causes of action or
defenses which were not pleaded in the justice's court.
This was the rule aforetime, both by statutory provisions
and as held by the courts. [Hart. Dig. art. 714; Pas.
Dig. art. 1456; Titus v. Latimer, 5 Tex. 433; Thomas v.
The State, 9 Tex. 324.] The rule was held applicable both
to appeals and *certioraris.* [O'Brien v. Dunn, 5 Tex. 570;
Clark v. Snow, 24 Tex. 242.]

This rule has not been changed by legislative enact-
ments. Statutes bearing upon the subject are arts. 1292,
316 and 317, Rev. Stats.

§ 240. *Appeal and certiorari.* Appeal and *certiorari*
are but different modes of removing a case from a jus-
tice's to a county court for a trial *de novo.* The proceed-
ings are analogous, and the provisions of the law
governing the one should govern the other where there
is no conflict. With reference to the practice in *certiorari*
cases, it is expressly provided that "either party may
plead any new matter in the county court which was
not presented in the court below; but no new cause of
action shall be set up by plaintiff, nor shall any set-off or
counterclaim be set up by defendant which was not
pleaded in the court below," etc. [Rev. Stats. art. 316.]
This rule is applicable also to appeals.

November 4, 1882.　　Reversed and remanded.