## B. P. CURRY v. A. J. TERRELL.

### COURT OF APPEALS, TYLER TERM, 1882.

*Practice on Appeal, or Certiorari from Justices' to County Courts*—Neither party to a suit originating in a Justice's Court, after the case has been removed by appeal or certiorari to the County Court, can plead causes of action or defences which were not pleaded in the Justice's Court.

Appeal from Washington county—Opinion by Willson, J.

Appellant Curry sued Appellee Terrell in Justice's Court for sixty dollars, claimed to be due for rent, and sued out a distress warrant. In Justice's Court there was a judgment by default rendered against Terrell, and he appealed to the County Court. In the County Court appellee, Terrell, pleaded a counter claim of two hundred dollars, consisting of various items, and among them damages done to his crops by reason of appellant's stock, and damages for sueing out the distress warrant. Upon the trial in the County Court the jury rendered a verdict in favor of appellee, Terrell, for $75 damages, and judgment was rendered upon this verdict in favor of appellant against appellee for that amount and for costs.

The first question that presents itself in the case is one of considerable difficulty to our minds. It is this: Can either party in a suit originating in Justice's Court, after the case has been removed by appeal or certiorari to the County Court, plead causes of action or defences which were not pleaded in the Justice's Court? Under the statute as it aforetime was the parties were expressly confined to the claims pleaded in the Justice's Court. The provision was: All such appeals shall be tried *de novo*, but neither party shall introduce any claim that was not before the justice on the trial below." (Hart's Dig., Art. 714, P. D. Art. 1456.) This statute, however, in so far as it provided for an appeal from the Justice's to the District Court, was by our Supreme Court held to be unconstitutional. (Titus v. Latimer, 5 Texas, 433 ; Thomas v. The State, 9 Texas, 324.)

But in all other particulars except the one of giving an appeal to the District Court, the statute was held to be constitutional and in force, and the provisions regulating the trial in District Court upon appeal have been held to be applica-

ble to a case removed to that court by *certiorari*. (O'Brien v. Dunn, 5 Tex., 570.) In Clark v. Snow, 24 Tex., 242, that portion of the statute we have quoted was cited by the court, and it was held in accordance therewith that where a claim was first made in the District Court, to which the cause had been removed by *certiorari*, it was error to entertain and allow it, because the court did not have jurisdiction of it, and was forbidden by the statute to entertain it.

We find, therefore, that ·it has been a well established rule of practice that matters which were not set up in the Justice's court, would not be entertained in the Appellate Court.

Has this rule of practice been changed by legislative enactment? If not, then it is still the law. The only provisions of the statute which we find bearing upon the question are the following:

Art. 1299, R. S. "In all cases brought up from inferior courts, whether by appeal or *certiorari*, the case shall be tried *de novo*."

Art. 317, R. S., with reference to *certiorari* provides : "The cause shall be tried *de novo* in the County Court, and judgment shall be rendered as in cases of an appeal from Justice's Court."

Art. 316, R. S., provides : "Either party may plead any new matter in the County Court which was not presented in the court below; but no new cause of action shall be set up by the plaintiff, nor shall any setoff or counter-claim be set up by the defendant which was not pleaded in the court below, etc."

The two articles last quoted solve the question in *certiorari* cases. Art. 316, last quoted, makes it clear that no new cause of action can be set up by the plaintiff, and that no setoff nor counter-claim which was not pleaded in the court below can be set up by the defendant. While there is no such provision as this expressly governing appeals, we can see no reason why it should not be made to apply to cases removed to the County Court by appeal, as well as those removed there by *certiorari*. If the rule is a wise and a just one, and we think it is, it should apply in the one case as well as the other. It was the rule established by the decis-

ions of our Supreme Court, and well known to be the rule, at the time of the adoption of our Revised Statutes, and being then the law, it was unnecessary that it should be formulated into a statute, and the enactment of it under the title *"certiorari,"* we do not think is any evidence that the legislative intention was to establish a contrary rule of practice in cases of appeal. Appeal and *certiorari* are but different modes of removing a case from a Justice's to a County Court for a trial *de novo*. The proceedings are analogous and the provisions of the law governing the one should govern the other, where there is no conflict.

We are of the opinion that as the appellee did not set up his counter-claim in the Justice's Court, he was barred from pleading it in the County Court, and that the court erred in not sustaining appellant's exceptions to the same, and striking it out. Appellee is not without his remedy. He can sue upon his counter-claim and have his cause of action adjudicated.

The other questions presented by appellant, we deem it unnecessary to determine, as they will not probably arise upon another trial.

Judgment reversed, and cause remanded.