DUGAN et al. v. SMITH et al. (No. 278.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 23, 1917. Rehearing Denied Dec. 19, 1917.)

1. APPEAL AND ERROR ⚌1012(1)—REVIEW—CONCLUSIVENESS OF FINDINGS.

The findings of fact by a trial judge when supported by evidence are binding upon the appellate court unless clearly wrong, or so opposed to the great preponderance of the evidence as to suggest that truth and justice have not been attained.

2. HABEAS CORPUS ⚌99(3) — CUSTODY OF CHILDREN—INTERESTS OF CHILD.

In habeas corpus by a mother against persons to whom she had freely and voluntarily transferred her parental authority and custody over a child, and who had ineffectually attempted to adopt the child, findings that defendants were in comfortable circumstances and able properly to support and educate the child, that their home was surrounded by moral and Christian influences, that the child under their care would have educational facilities and advantages, that defendants and all members of their family were devotedly attached to her, and regarded her as a daughter and younger sister, that the child greatly desired to remain in their home and custody, that they were qualified in every respect to have her care and custody, and to direct her education and development, and that the mother was an immoral, unchaste, and untruthful woman, that she did not have the love and affection for the child that a mother should feel for her offspring, and was not a proper person to have the child's care and custody, warranted the conclusion of law that the best interests of the child demanded that her possession and custody remain with respondents.

3. HABEAS CORPUS ⚌85(1)—RIGHT TO CUSTODY OF CHILDREN—BURDEN OF PROOF.

One seeking to withhold from a child's natural parent the custody and possession of such child has the burden of showing that the best interests of the child demand that its custody and care be taken from the parent.

Appeal from District Court, Montgomery County; L. B. Hightower, Judge.

Habeas corpus by Mrs. Sallie Copeland Dugan and husband against Mrs. Fannie Smith and husband. From a judgment in favor of respondents, the relators appeal. Affirmed.

McCall, Crawford & McCall, of Conroe, for appellants. W. N. Foster and A. L. Kayser,

both of Conroe, and C. W. Nugent, of Houston, for appellees.

HIGHTOWER, Jr., C. J. Appellants, Mrs. Sallie Copeland Dugan, and G. A. Dugan, her husband, commenced this proceeding by suing out a writ of habeas corpus for the purpose of recovering from appellees, Mrs. Fannie Smith and Fulton Smith, her husband, the possession and custody of Dorothy Lee Copeland, a girl child nine years of age, and who is the daughter of said Sallie Copeland Dugan by a former husband, Reuben Copeland. In the application for writ of habeas corpus, it was alleged, substantially, by relators, appellants here, that relator Sallie Copeland Dugan was the mother of the child, Dorothy Lee Copeland, and that she was entitled to the possession and custody of her said child, and that said child was being wrongfully and illegally restrained of her liberty by said respondents, Mrs. Fannie Smith and Fulton Smith, and her possession and custody was wrongfully withheld from relator Sallie Copeland Dugan. At the hearing of the writ, respondents, appellees here, filed an answer somewhat lengthy, setting up, substantially, among other things:

(a) That relators were not entitled to the possession and custody of said minor child, for the reason that said Sallie Copeland Dugan had theretofore transferred and delivered the possession and custody of said minor child, when of the age of five years, to respondents, and that respondents had, in fact, legally adopted said Dorothy Lee Copeland under the statute of this state.

(b) That relator Sallie Copeland Dugan was not a proper person to have the care and custody of said minor child, Dorothy Lee, for the reason that said Sallie Copeland Dugan was a woman in bad repute as to chastity, etc., as well as of bad character as to chastity.

(c) That said Sallie Copeland Dugan was not a proper person to have the care and custody of said Dorothy Lee, for the reason that said Sallie Copeland Dugan was a cruel and unnatural mother.

(d) That the best interests of the minor, Dorothy Lee, required that her custody and possession be given to and remain with respondents.

(e) That respondents had become greatly attached to and bore great affection for said minor child, and were able and willing to provide for, rear and educate said child, and would do so if her possession and custody were permitted to remain with respondents.

There were other matters alleged in the answer of respondents, but in view of the conclusions reached by the trial judge, both in his findings of fact and conclusions of law, it is unnecessary to further detail the matters set up by respondents, as no useful purpose would be served thereby.

We may say, at the outset, that there was nothing in the contention of respondents as

to the allegations of adoption set up in their answer, for the reason that the attempted adoption by them of the child, Dorothy Lee, was null and void, as is practically conceded by appellees on this appeal, and that matter is dismissed without further comment. The proceeding was treated throughout by the trial court as being a civil action for the purpose of recovering the possession of the minor, Dorothy Lee Copeland, and such view taken by the trial judge was acquiesced in by both appellants and appellees. The case was submitted to the trial court without a jury, and resulted in a judgment in favor of respondents, remanding to them the custody, possession, and control of the child, Dorothy Lee Copeland. The trial judge, on request, filed findings of fact and conclusions of law, as follows:

"Findings of Fact.

"First. I find that relator Mrs. Sallie Copeland Dugan, then Mrs. Sallie Copeland, some time during the year 1911 or 1912, accompanied by the child, Dorothy Lee Copeland, a daughter of herself and husband, Reuben Copeland, from whom she was then separated, applied to respondents for employment as a domestic servant in the household and hotel of respondents, and that respondents gave her employment and admitted herself and child to their home, and placed them in comfortable quarters and pleasant surroundings. Said relator, together with her said child, resided with respondents continuously from the time mentioned until her marriage to relator G. A. Dugan, which occurred during the early part of 1915, and during all of said time respondents treated them with kindness and consideration. Within a few months after said relator entered the service of respondents, she and her child came to be treated rather as members of the family of respondents than otherwise, and respondents in a short time began to care for and treat the child, Dorothy Lee Copeland, in the manner that parents usually treat their own children, the respondent Mrs. Fannie Smith performing for it all those cares and duties that a mother ordinarily performs for her child.

"Second. I find that relator Mrs. Sallie Dugan, then Mrs. Sallie Copeland, habitually neglected to care for her said child, and to do and perform the usual and customary duties that mothers perform for their children, and, because thereof, respondent Mrs. Fannie Smith assumed such duties and did constantly and continuously perform them. From the evidences of neglect by said relator Mrs. Sallie Dugan, then Mrs. Sallie Copeland, of her said child and her treatment of it, which I find was unnatural and cruel, I find as a fact that she was and is an unnatural mother, without the parental feeling that the average mother has for her offspring.

"Third. I find that soon after relator Mrs. Sallie Dugan, then Mrs. Sallie Copeland, and her said child went to live with respondents, said relator requested respondents to take over the care and custody of and parental authority over said child, Dorothy Lee Copeland, and to adopt her, and that thereafter she frequently made request of the respondents that they do so. I find that respondent Mrs. Fannie Smith, after having from time to time been so requested by relator, finally consented to do so, but only after carefully urging said relator to consider what it meant for her to give up her child, and only after being so fully and freely advised by said relator that she did not desire to retain the care and custody of said child, and desired to give her to respondents. I find

that respondent Mrs. Fannie Smith, with the consent of her husband, Fulton Smith, in good faith attempted to adopt said child, and, to that end, executed the instrument which is set out as Exhibit A in respondents' answer. In this connection I find that at the time respondents adopted, or attempted to adopt, the child, Dorothy Lee Copeland, as set out in Exhibit A, said relator Mrs. Sallie Dugan, then Mrs. Sallie Copeland, freely and voluntarily transferred her parental authority and custody over said child to respondents, as shown by writing which is a part of said Exhibit A, attached to said pleadings. I find that such action was taken by the relator after C. A. Toler, a reputable attorney, and the notary public before whom said instrument was acknowledged, had, at the request of respondents, fully explained to her the effect of said instrument, and especially that the effect thereof would be that she was releasing all care, authority, and control of said child forever.

"Fourth. I find further that since the institution of this proceeding respondents, having been advised that some technical objection might lie to the original instrument of adoption, as shown in Exhibit A, voluntarily and in a good-faith effort to bring about the desired relation between themselves and said Dorothy Lee Copeland, went before the proper officer and executed an instrument of adoption as shown in Exhibit B, attached to respondent's pleadings.

"Fifth. I find that relator Mrs. Sallie Dugan is not a truthful woman; on the contrary I find such lack of veracity as to suggest a fundamental lack of integrity of character.

"Sixth. I find that relator Mrs. Sallie Dugan is an immoral and unchaste woman. While the evidence fails to disclose any specific act of unchastity since said relator intermarried with her present husband, G. A. Dugan, still I think the evidence justifies the finding, and I so find that she is still an impure and unchaste woman.

"Seventh. I further find that said relator Mrs. Sallie Dugan has not the love and affection for said child, Dorothy Lee Copeland, that any mother should feel for her offspring; and I find, because thereof, as well as because of other findings of fact herein, that she is not a proper person to have the care and custody of said child.

"Eighth. I find that relator G. A. Dugan is a sober, industrious and hard-working man, that he is a good citizen, and earns in his employment $70 to $80 per month, and that he is willing for his wife to have the custody of said child, and has joined in her application looking to that end.

"Ninth. I find that respondents are in comfortable circumstances; that they own a good home in Conroe, where they conduct a hotel; that they enjoy a good patronage and are able properly to support and educate the child, Dorothy Lee Copeland. I find that their home is surrounded by moral and Christian influences, and that said child, under their care and custody, will have educational facilities and advantages of the churches and Sunday Schools that are open to the best homes in Conroe, a town of about 3,500 population, the county seat of Montgomery county. In this connection, I find that the status of the negro girl, Sal Smith, in the home of respondents, is that of a trusted negro domestic, and that her relation to the family of respondents is such as is usual in Southern homes.

"Tenth. I find further that respondents and all the members of their family are devotedly attached to the child, Dorothy Lee Copeland, and regard her as a daughter and younger sister; and I find that said child greatly desires to remain in the home and custody of respondents.

"Eleventh. I find that respondents are qualified in every respect to have the care and cus-

tody of said child, and to direct its education and development.

"Twelfth. I further find that the welfare of the child, Dorothy Lee Copeland, demands that its custody and care be awarded to respondents, and that said child's best interests will be subserved by so directing.

### "Conclusion of Law.

"Based upon the findings of fact foregoing, I conclude as a matter of law that the care and custody of said child should be awarded to the respondents, Mrs. Fannie Smith and Fulton Smith, and accordingly I give judgment that said child be remanded to their care and custody, and direct and adjudge that they do have and retain the care and custody of said child, Dorothy Lee Copeland."

We find in appellants' brief six assignments of error under several of which a number of different propositions are urged, but we shall not discuss these several assignments in their order, or in detail, for the reason that we are of opinion that the findings of fact made by the trial judge, above copied, find support in the evidence adduced upon the trial, with the exception, perhaps, of the second finding of fact, which is to the effect that relator Mrs. Sallie Dugan is a cruel and unnatural mother. As to this one finding, we have concluded that the evidence did not warrant the trial judge in his conclusion, for we believe that the poverty and necessitous circumstances of the mother of the child, during the time she was employed as a domestic in connection with the hotel of respondents, were such as to practically wholly prevent this mother giving to her child that care and attention which a mother would, under different and more favorable circumstances, give to her child. And we believe that the evidence in connection with the one or two occasions on which it is claimed this mother cruelly punished by indulging in excessive chastisement, was not reasonably sufficient to warrant the conclusion that such punishment was excessive or cruel. As to all the other findings of fact by the trial court, however, as above set out, we have concluded that the evidence in this record, considered as a whole, was sufficient, if given credence by the trial judge, to warrant and authorize such findings.

[1, 2] We understand the rule to be well settled in this state that where findings of fact made by a trial judge have support in the evidence, as shown by the record on appeal, such findings are binding upon the appellate court, unless the appellate court is able to say that such findings by the trial court are clearly wrong, and so opposed to the great preponderance of the evidence as to suggest that the truth and justice of the case have not been attained. Applying this rule, which is so well understood by the bar of this state that citation of authority would be superfluous, we cannot say that the findings of fact of the trial judge, above mentioned, with the exception only of the second finding, are not supported by evidence in the

record legally sufficient to warrant such findings. And since such findings of fact, as here approved and adopted, warrant the conclusion of law made by the trial judge, to the effect that the best interests of the minor child, Dorothy Lee Copeland, demand that her possession and custody remain with respondents, this court has no alternative but to affirm the judgment of the trial court, leaving that custody and possession with respondents. Counsel for appellants cite in their brief, and quote at great length from the opinion of the Supreme Court in the case of State v. Deaton, 93 Tex. 243, 54 S. W. 901, and claim that the rule announced in that case required the trial judge in the instant case, upon the evidence adduced below, to award the custody and possession of the minor, Dorothy Lee Copeland, to her mother and stepfather, who are appellants. We have considered very carefully the opinion of our Supreme Court in the Deaton Case, and without discussing in detail the facts of that case, or the rule of law announced by the able jurist who wrote the opinion, we hold that the case is not authority for the contention of appellants here. In the Deaton Case, the Supreme Court held that upon the findings of fact, as made by the trial court, the natural parent seeking the custody and possession of its child was entitled thereto, but the findings of the trial court in that case differ so widely from the findings of fact in this case that there cannot be said to be any comparison between the two cases.

[3] In the Deaton Case, the Supreme Court did, squarely and correctly, announce the rule, which we believe to be just and sound, that where any person seeks to withhold from the natural parent the custody and possession of a child, such person has the burden of showing that the best interests of such child demand that its custody and care be taken from the natural parent, and we agree with this rule to the fullest extent. In addition to State v. Deaton, supra, the following authorities bear directly upon the vital question involved in this appeal. Legate v. Legate, 87 Tex. 250, 28 S. W. 281; Peese v. Gellerman, 51 Tex. Civ. App. 39, 110 S. W. 196; Ball v. Smith, 156 S. W. 576; Schneider v. Schwabe, 143 S. W. 265. The principle of law governing in cases of this character is now so well understood by the bench and profession of this state that we feel it would be entirely useless and unprofitable for this court to enter into a further discussion of the same.

It is, of course, with great reluctance that this court is compelled to give its assent to the judgment of a trial court which takes from the possession of a mother the custody and control of her own child, especially a girl child of such tender age as nine years, and we feel that the trial court in this instance, and, indeed, all courts upon whom such solemn duties and responsibilities fre-

quently rest and must be discharged, entertain the same feelings as we do, but where the courts conclude that the best interests of children demand that their custody and control be taken from the parent, then the duty resting upon the courts to so remove such children is quite as sacred, if not more so, than any other duty resting upon them.

We have not attempted to discuss in detail the evidence adduced upon the trial below, the insufficiency of which to warrant the findings of the trial court is challenged by appellants, for the reason that to do so would not and could not change the conclusions this court has reached, and besides, we do not care, unless specially requested to do so, to give further publicity by way of publishing in the law books generally, such evidence which led the trial court to conclude, and this court to adopt such conclusion, that the best interests of the minor in question demand her custody and control be left with the appellees in this case. We can but hope that the unfortunate mother in this case may so continue to live in her new station in life that much of her grief and disappointment in the past will be forgotten, and that all criticism of her unfortunate mistakes in the past be hushed. And, in conclusion, we call attention to these few lines of Nature's immortal poet:

"Then gently scan your brother man,
Still gentler sister woman;
Though they may gang a kennin' wrang,
To step aside is human.

"One point must still be greatly dark,
The moving why they do it;
And just as lamely can ye mark
How far perhaps they rue it."

Finding no error in the record, for which this court would be authorized to reverse the trial court's judgment, all assignments of error are overruled, and that judgment is affirmed.