## LAND v. LANDRY et ux. (No. 750.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 21, 1922.)

1. **Habeas corpus** ⚖=83—**Contention as to variance between allegation of petition for custody of child and the proof without merit.**

Where the issue to be determined in a proceeding was where the custody and possession of a child should be placed, having in view the best interests of the child, and that issue was made by pleadings and the evidence, the contention that there was a variance between the allegations and proof, in that it was alleged that defendant, at the time of the suit, had the possession and custody of the child, whereas it was shown that his mother had the possession, was without merit.

2. **Habeas corpus** ⚖=82—**Actual presence in court of child whose custody involved not necessary.**

The actual presence in court of a child whose custody and possession is involved in a suit is not required so as to authorize the court to determine the question.

3. **Habeas corpus** ⚖=85(1)—**Evidence justified finding that father, by verbal gift of child to grandmother, had abandoned child.**

Where, in habeas corpus for possession of a child, it was shown that the father made a verbal gift of the child to its grandmother, the finding that the father had disclaimed any right to possession and custody was not error.

4. **Habeas corpus** ⚖=113(½)—**Assignment of error not pointing wherein error existed not considered.**

Where an assignment of error in a habeas corpus appeal did not specifically point out anything showing wherein or why it was error of the trial court to conclude that the mother of a child was not a more fit and proper person to have its custody and control than the father, it will not be considered.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Application by C. J. Landry and wife for a writ of habeas corpus against James Land, to determine custody of child. From judgment for applicants, defendant appeals. Affirmed.

David E. O'Fiel, of Beaumont, for appellant.

C. W. Howth, of Beaumont, for appellees.

HIGHTOWER, C. J. This was a suit in the form of a habeas corpus proceeding by the appellees, C. J. Landry and wife against the appellant, James Land, for the custody and possession of a minor child, Arch Land, about six years of age. The cause was tried in the district court of Jefferson county, and resulted in a judgment in favor of appellees, from which judgment this appeal was prosecuted.

Prior to the year 1919, the appellant, James Land, and the appellee Mrs. C. J. Landry were husband and wife, and the child, Arch Land, was the issue of that marriage. In the latter part of 1919 or early part of 1920 (the record not disclosing definitely), James Land and his said wife separated, and he filed a suit for divorce against her, and obtained a decree in his favor. In the divorce proceeding no disposition was made of the child, Arch Land, but his mother, after the separation and divorce, took possession of the child, but afterwards, being unable at that time to provide for and take care of it, let it go back to its father, temporarily, as she testified. Afterwards Mrs. Land married C. J. Landry, her present husband, and Land also married again. In this suit it was alleged, substantially, by the appellees that they were able and ready to provide for and take care of the child, Arch Land, and that they were fit and proper persons to have possession and custody of the child, and that defendant, Land, was not a fit and proper person to have such possession and custody; that the best interests of the child required that its possession and custody be given to the appellees.

Appellant answered by general demurrer and general denial.

The trial court filed findings of fact and conclusions of law, one of the findings being, substantially, that the best interests of the child, Arch Land, required that his pos-

session and custody be given to his mother, the appellee Mrs. C. J. Landry.

[1] Appellant's first assignment of error complains of the action of the trial court, on the ground, substantially, that there was a variance between the allegations of the appellees' petition and the proof offered in support of same, in that it was alleged in the petition that appellant, James Land, at the time of the filing of the suit, had the possession and custody of the child, Arch Land, whereas the undisputed evidence showed that at the time the suit was filed, and at the time of the trial of the cause, appellant did not have the possession and custody of the child, Arch Land, but that Mrs. C. G. Land, appellant's mother, had the possession and custody of said child, and therefore appellees should not have had judgment for the custody and possession of said child.

It is true that the evidence adduced upon the trial showed that, at the time the suit was filed, as well as at the time of the trial, the child, Arch Land, was living with appellant's mother, Mrs. C. G. Land, to whom appellant, as he testified on the trial, had given the child, and Mrs. C. G. Land was not made a party to the suit. We fail to see how these facts could constitute a fatal variance between the pleadings and the evidence in this case. In this proceeding the trial court was authorized and called upon to determine, as between the parties to the suit, where the custody and possession of the child Arch Land, should be placed, having in view, as the paramount consideration, the best interest of the child. That issue was made by the pleadings and the evidence, and the court determined the issue in favor of the appellees. It is true, as stated, that appellant claimed that he had given the child, Arch Land, to his mother, and for that reason he seems to contend that Mrs. C. G. Land, appellant's mother, and the grandmother of the child, was a necessary party to the suit before the court could enter any judgment regarding the custody and possession of the child as between himself and the appellees. In the first place, appellant was without authority to give the child to his mother, for at that time he and the appellee Mrs. C. G. Landry were separated and living apart, and their rights to the child were in all respects equal. Gulf, C. & S. F. Railway Co. v. Redeker, 75 Tex. 310, 12 S. W. 855, 16 Am. St. Rep. 887. All the court has done by its judgment in this case was to decree that as between the parties to the suit, the appellees should have the possession and custody of the child as against appellant, because of the fact, as found by the court, that the best interests of the child required it. There was no adjudication as between any right, if any, that appellant's mother may have to the child as against the appellees, and the court's decree would not, of course, be a bar to any suit that may be instituted between appellant's mother, Mrs. C. G. Land, and the appellees. We think there is nothing in this contention of appellant, and it is overruled. .

[2] The next contention by appellant is that the court was without jurisdiction over the subject-matter of the suit, for the reason that the child, Arch Land, was not actually produced before the court on the hearing of the case, and that therefore the court was without authority to enter any order or judgment affecting his possession and custody. We think there is nothing in this contention, and this court has heretofore held that the actual presence in court of a child whose custody and possession was involved in the suit was not required so as to authorize the court to determine the question of the child's custody and possession. . Lucid v. McDowell (Tex. Civ. App.) 206 S. W. 203. The contention is overruled.

[3] The next contention is that the trial court erred in its conclusion of law that appellant had disclaimed in this suit any right to the possession and custody of the child, Arch Land. The court did find that appellant had disclaimed any right to the custody and possession of the child, and this was based upon appellant's evidence to the effect that he had given the child to his mother Mrs. C. G. Land. Whether the conclusion be one of law or fact, it is entirely immaterial, though we think that the court was justified in concluding that appellant had abandoned the child; such conclusion being based upon his positive testimony that he had made a verbal gift of the child to its grandmother. The contention is overruled.

[4] The next contention is:

"The court erred in holding that the plaintiff was a proper and competent person to have the custody of said child, Arch Land, as against the defendant, James Land."

This assignment is entirely too general to demand consideration at our hands. It does not specifically point out anything showing wherein or why it was error on the part of the trial court to conclude that the mother of this child was not a more fit and proper person to have its custody and control than appellant. If, however, we should consider the assignment, we would be compelled to hold against the contention, for the reason that the question of fact as to who, as between the parties, was the most suitable and fit to have the care and custody of the child was one for the determination of the trial court, and, being supported by the evidence on the point, this court will not determine otherwise. Dugan v. Smith (Tex. Civ. App.) 199 S. W. 654; Kendall v. Williams (Tex. Civ. App.) 233 S. W. 296.

This, in effect, disposes of appellant's contentions here, all of which are overruled, and the judgment will be affirmed.

It is so ordered.