### LEE et al. v. MASSEY et al.
### No. 12940.

Court of Civil Appeals of Texas. Dallas.
Dec. 16, 1939.

Rehearing Denied Jan. 13, 1940.

Barnes & McElroy, of Terrell, for appellants.

Wynne & Wynne, of Wills Point, for appellees.

LOONEY, Justice.

This is an appeal from an order of the District Court of Van Zandt County, refusing a petition for temporary injunction to restrain appellees from carrying into effect a judgment theretofore entered by said court in a habeas corpus proceedings, involving the custody and control of the four minor children of appellant, Janie Lee, instituted by R. L. McGuire and his wife (paternal grandparents of the children) against Sam Massey, Mrs. Lee's brother, and Mrs. R. R. Massey, Mrs. Lee's mother (maternal grandmother of the children). On trial, the suit resulted in the care, custody and control of the children being awarded to the paternal grandparents and the maternal grandmother, respectively, for alternate periods of two weeks each. It seems that the right, if any, of Sam Massey to share in the care, custody and control of the minors was not recognized. Appellants, Janie Lee, mother of the minors by a former husband, and her present husband, Jesse Lee, were not made parties to the habeas corpus proceedings, although, at the time of its institution, Mrs. Lee had custody and control of the children, and had maintained such since the death of their father.

On original submission, in affirming the judgment of the trial court, we announced the rule that the mother's natural right to the custody and control of her children was paramount and was not affected by the judgment rendered in the cause to which she was not made a party, but concluded that, as the trial judge who refused the injunction, also sat in the habeas corpus contest between the grandparents, and, not being advised as to the evidence adduced on that hearing, we would assume for the purpose of the present hearing that the trial court had sufficient evidence before him to justify the order entered at the former hearing, and that it was within his sound discretion, in passing upon appellants' application for injunction, to consider the evidence theretofore introduced on the habeas corpus hearing. However, having reached the conclusion that we erred in that holding, appellants' motion for rehearing will be granted, our former judgment will be set aside, the original opinion filed will be withdrawn, and the present substituted therefor.

In proceedings of the nature of those now under consideration, it is well settled that, where the trial court acts ex parte and without a hearing, the reviewing court is limited in its consideration of the appeal to the allegations of the petition presented below for injunctive relief, the same constituting the statement of facts in the case.

Appellants alleged, among other things, that after the death of the father of the minor children, Sam Massey, brother of Janie Lee, filed an application in the County Court of Van Zandt County to be appointed guardian of the persons of said minors and that, later, on January 23, 1936, the application was granted. It was also alleged that Mrs. Lee was not notified of the application and did not know the appointment had been made until afterwards, and that, on learning such fact, she and her present husband filed a petition, in the nature of a bill of review, to have the order of appointment set aside, which matter is still pending.

We think it apparent from the record that Sam Massey's guardianship of the children has been one in name only, as Mrs. Lee's custody has never been disturbed by Massey and, in the present proceedings, he is not shown to have asserted any right under his appointment as guardian; and, although a party defendant in the habeas corpus proceedings, the judgment rendered therein failed to recognize that he was entitled to share with the grandparents in

the care, custody and control of the children. Therefore, in deciding the instant case, we will consider alone the rights of the grandparents as opposed to the rights of appellants, as to the care, control and custody of the children.

It is a fundamental doctrine of the law that one not a party to a proceeding is not bound by any judgment rendered therein, same being purely res inter alios acta. It may be true that the judgment in the habeas corpus proceedings was correct as between the grandparents of the children, but in no sense was it an adjudication adverse to the mother who, continuously since the death of her first husband, has been in the actual custody and control of her four children. So, the conclusion is reached that we erred in holding that the trial court was authorized to consider, as against Mrs. Lee, in passing upon her application for a temporary writ, the evidence introduced on the habeas corpus hearing, to which she was an entire stranger. If authorities are necessary to sustain the proposition just asserted, see Hailey v. Brooks, 191 S.W. 781, by the Fort Worth Court of Civil Appeals, and Land v. Landry, 244 S.W. 569, by the Beaumont Court of Civil Appeals.

Appellants alleged that the grandparents had threatened and were threatening to assert rights under the judgment rendered in the habeas corpus case, and, unless restrained, would act under the judgment and endeavor to deprive appellant of the custody and control of her children; wherefore, appellants prayed for injunctive relief both temporary and permanent, restraining the defendants and each of them from, in any manner, interfering with appellant's custody and control of the children by virtue of the judgment rendered in the habeas corpus proceedings.

Therefore, being of opinion that the judgment rendered in the habeas corpus proceedings, in so far as the rights of Mrs. Lee, mother of the children, are concerned, is a nullity, she had the legal right to enjoin its enforcement; hence, believe the court below erred in refusing the temporary relief sought.

Appellant's motion for rehearing is granted, our former judgment is set aside, the judgment of the trial court is reversed, and judgment is here rendered granting appellants the temporary injunctive relief sought.

Reversed and rendered.