**DE LOACH et al. v. MOORE.**

No. 4417.

Court of Civil Appeals of Texas. El Paso.

Dec. 28, 1944.

Sam K. Wasaff, of El Paso, for appellants.

Coyne Milstead, of El Paso, for appellee.

McGILL, Justice.

Appellants are husband and wife. By application for a writ of habeas corpus filed in the Forty-first Judicial District Court of El Paso County they sought to obtain from appellee the custody of Gaylen Ross, a boy about five years of age, the child of appellant Loraine DeLoach and her former husband, Owen Ross. Petitioners alleged that appellant Loraine DeLoach had been legally divorced from her husband, Owen Ross, in El Paso, Texas; that she and her former husband had agreed that each should have equal custody of the minor for a period of six months, and that the decree of the District Court (the Court granting the divorce) did award such custody to each of them; that in April, 1942, because of the ill health of Mrs. DeLoach, the child was placed in the Southwestern Children's Home, El Paso, temporarily, where he had been for about nineteen months; that conditions had changed materially since the decree of divorce was entered, because the father, Owen Ross, was in the Military Service of the United States, stationed in the Pacific area, and because the mother had married appellant Ellis DeLoach, and appellants own their own home, have an income of $330 per month, and are financially able to provide a good home for the child and to care for it while its father was overseas; that his paramount interest was with his own mother; that—

"Your petitioners would show unto the court that the decree awarding equal custody of the minor should be modified temporarily while the natural father of the minor is over seas so as to take said minor

out of the Southwestern Childrens' Home during the emergency and until further orders of this court and placed in the home of the petitioners; that said petitioners do not seek to deprive the natural father of his actual custody; that the rights of the natural father of the minor will be, at all times respected; that they do not seek the permanent custody of said child to the detriment of his natural father; that they merely seek temporary modification of the order in the paramount interest of said child who would be better cared for in the home of his true mother than in the Southwestern Childrens' Home."

The prayer was for such orders as the court might deem consistent with the paramount interest of the minor.

By plea in abatement, appellee alleged that on October 11, 1940, in Cause No. 48665, in the Thirty-fourth District Court of El Paso County, in which *Owens* G. Ross was plaintiff and *Lorene* Ross, defendant, a decree was entered awarding to the said *Owens* G. Ross the custody of the child Gaylen Ross from October 1st to April 1st of each year; that such judgment remained in full force and effect, and that appellant Loraine DeLoach sought to alter, modify or change it without joining as a necessary party *Owens* G. Ross the father of the child. The prayer was that the suit be abated. Appellee also specifically excepted to the petition because it appeared therefrom that *Owens* G. Ross was a necessary party who was not joined in the suit. The court sustained both the plea in abatement and the special exception, and entered judgment "that respondent go hence without day and that she recover of the petitioners her costs in this behalf expended for which she may have her execution."

The only error presented by appellants' points is the action of the court in sustaining the plea in abatement and special exception.

It appears from the agreed statement of facts that appellee at all relevant times was Superintendent of the Southwestern Children's Home, and that on April 13, 1943, the father of the child executed a power of attorney in which he appointed her "my true and lawful attorney in fact, for me and in my name, place and stead, to take any action that may be for the best interest of my child Gaylen Ross." This power of attorney also contained the following:

"For the further protection of said child, I have made an Army allottment for said child payable to Mrs. Moore, and it is my intention and desire by this instrument to authorize Mrs. Moore fully and completely to continue to have custody and control of said child in my place and stead while I am away."

■■ It is elementary that the Forty-first Judicial District Court of El Paso County was without power to alter, modify or change the final decree of the Thirty-fourth Judicial District Court of El Paso County. The Forty-first Judicial District Court would have power, in a habeas corpus proceeding concerning the custody of the child in which all necessary or indispensable parties were joined, to make an award of custody different than the award made by the Thirty-fourth Judicial District Court, should changed conditions and the best interest and welfare of the child so require. Such award would in no sense alter, modify or change the decree of the Thirty-fourth Judicial District Court. Such action is regarded as an independent suit. Castleberry v. Castleberry, 134 Tex. 409, 135 S.W.2d 701.

■ All persons who have or claim a direct interest in the object and subject matter of the suit and whose interest will necessarily be affected by any judgment that may be rendered therein are necessary or indispensable parties plaintiff or defendant. 32 Tex.Jur. p. 13, Sec. 9.

■ The main issue in this suit was whether the paramount interest or welfare of the child required a change of his custody awarded to his father by the Thirty-fourth Judicial District Court. Any judgment which the court might have rendered changing the custody of the child, even temporarily, during the six-months period in which such custody was awarded to the father, would necessarily having affected his interest in the subject matter of the suit. Such a judgment would have been ineffective as to him unless he were made a party to the proceeding. Lee v. Massey, Tex.Civ.App., 135 S.W.2d 529.

■ The father was a necessary and indispensable party to enable the court to render an effective judgment altering, modifying or changing the custody awarded to him by the Thirty-fourth Judicial District Court. Ex parte Honaker, 178 Okl. 50, 61 P.2d 702; 27 C.J.S., Divorce, p. 1194, § 317, subsec. c(3).

Appellants insist that he was not a necessary party, but that if he was, he is fully represented by appellee, who is his attorney in fact under the power of attorney above referred to, and is asserting the same defense that he would urge if personally present.

■ The power of attorney does not evidence an intention on the part of the father to abandon the custody of the child awarded to him by the Thirty-fourth Judicial District Court, but to provide for such custody during his absence. It does not specifically authorize Mrs. Moore to represent him in any suit that might be filed involving the custody of the child. Should it be so construed, no necessity for such representation could arise unless he were made a party to such a suit. · It most certainly does not purport to authorize Mrs. Moore to maintain and defend suits in her own name involving his right to the custody of his child.

Appellants cite Murphree v. Hanson, 197 Ala. 246, 72 So. 437, 440. In that case a bank had been appointed guardian of the person and estate of a minor child, and had placed it in the custody of respondents for care. The bank was not made a party to the habeas corpus proceeding. The court said:

"The respondents, standing in the place of the bank, present all the rights which the bank itself could present. They stand as agents for the bank and, indeed, of necessity, the bank can have custody of the minor's person only through some delegated agent; and it is therefore clear that this argument is of a technical character, in no manner involving any of the substantial merits of the cause, and overlooks that equitable maxim that 'a court of equity looks through form and to the substance of things.' "

However, it was held that the bank was incapacitated from acting as guardian of the person of the minor, and that its appointment in that respect was void. The quoted language must, therefore, be regarded as obiter dicta.

■ Nonjoinder of a party necessary to a determination of the main issue is fundamental and requires either a dismissal of the suit or stay of the proceedings until such party can be brought in. 32 Tex. Jur. p. 128, Sec. 88, and cases cited.

■ The judgment rendered that "the respondent go hence without day and that she recover of the petitioners her costs * * *" is a final judgment and is appealable. Rose v. Baker, Tex.Sup., 183 S.W.2d 438, at page 441, pars. 6 and 7; Hamman v. Lewis, 34 Tex. 474, at page 478; Bradshaw v. Davis, 8 Tex. 344; Boren v. Jack, Tex.Civ.App., 73 S.W. 1061. It may possibly be subject to the construction that any rights of appellants regarding change of custody of the child which existed at the time it was rendered are cut off insofar as appellee is concerned. Appellants having refused to amend after the court properly sustained appellee's plea in abatement and special exception because of the nonjoinder of the child's father, a necessary and indispensable party, the court should have dismissed the suit without prejudice. This is, we think, the effect of the judgment rendered, but, to avoid any possible misunderstanding, we have decided to clarify the judgment by a modification thereof.

Judgment is accordingly here rendered that the judgment of the trial court be and it hereby is reformed and modified so as to dismiss petitioners' suit without prejudice. As so reformed and modified, the judgment is affirmed.

Reformed, modified and affirmed.