COURT OF APPEALS












 
 
 
  
 
 
 




COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 TELLES BAIL BONDS,
  
                             Appellant,
  
 v.
  
 LEO SAMANIEGO, SHERIFF OF
 EL PASO COUNTY,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No.
 08-01-00156-CV
  
 Appeal from
  
 346th District Court
  
 of El Paso County, Texas 
  
 (TC# 97-103) 
  
 
 


 

OPINION ON REHEARING

 

On the Court=s own motion, we withdraw our opinion
of April 25, 2002 and substitute the following.

Telles Bail Bonds appealed the trial court=s order denying its motion for
partial summary judgment and granting Leo Samaniego=s motion for summary judgment.  Samaniego filed a
motion for rehearing after we reversed the trial court=s actions.  Because we find that Telles
lacked standing to bring suit and therefore the trial court lacked
jurisdiction, we withdraw our earlier opinion and dismiss the cause.








Facts

Telles Bail Bonds was licensed to execute
bail bonds in El Paso County, holding power of attorney for International
Fidelity Insurance Company of Newark, New Jersey (IFI).[1]  On December 31, 1996, Telles
attempted to post a bail bond, but the El Paso Sheriff=s Department refused the bond.  Telles was informed
that the County Attorney=s office had instructed the Sheriff=s Department not to accept any bonds
from it.

Telles brought suit against Leo Samaniego, the elected sheriff of El Paso County, alleging
that Samaniego=s failure and refusal to accept bonds
from Telles prevented it from exercising its
constitutionally protected right to earn a living by writing bail bonds.  Telles argued that
by denying its right to post bail bonds, Samaniego
caused it a loss of income.  Telles sought a temporary restraining order, a temporary
injunction, and a permanent injunction enjoining Samaniego
from unlawfully refusing to approve and accept bail bonds from it and any
damages, fees, and costs to which it might be entitled.

Samaniego asserted the affirmative defenses
that Telles had an adequate remedy at law and was not
entitled to injunctive relief, that an injunction would destroy the status quo
and result in further indebtedness to him, that Telles
was not entitled to equitable relief because it was guilty of unclean hands,
and that Telles had failed to state a cause of action
upon which relief could be granted.








On October 25, 2000, Telles filed a motion for partial summary judgment
regarding Samaniego=s liability.  Citing the bail bond provisions of the
Occupations Code, Telles argued that there is a
specific process for the suspension or revocation of bail bond licenses that
the bail bond board of a county[2]
must follow before acting against a license. 
It argued that if a license has not expired or been suspended or
revoked, the sheriff must accept or approve a bail bond and that such duty is
mandatory and ministerial.

On November 6, Samaniego
filed a motion for summary judgment, citing the Revised Civil Statutes and
arguing that because IFI was a corporate surety in default on at least five
bonds, he was correct in not accepting Telles=s bonds.  In fact, Samaniego
argued, he was required to refuse bonds from Telles.

Samaniego filed his response to Telles=s motion for partial summary judgment on November 20, stating
that his authority to refuse bonds was discretionary.

On November 30, Telles
filed an amended motion for partial summary judgment, changing its citations
from the bail bond provisions in the Occupations Code to the parallel
provisions in the Revised Civil Statutes and, notably, deleting any mention of
problems that might arise if a surety was in default of at least five
judgments.








Samaniego filed a supplement to his response
to Telles=s motion for partial summary judgment
on December 1, claiming that Telles=s claim that the statute requires a
particular procedure be followed before a sheriff can refuse bonds was a
misstatement of the statute.

On December 7, the day before the
summary judgment hearing, Telles filed a motion for
leave to amend its motion for partial summary judgment; Samaniego
filed a motion to supplement his answer.

A hearing was held on December 8, at
which time the trial court denied Telles=s motion for leave to amend its
partial summary judgment.  Telles=s motion for partial summary judgment was denied, and Samaniego=s motion for summary judgment was granted.

We reversed the trial court=s ruling on appeal.  Samaniego brought
his motion for rehearing thereafter.

Standing

On rehearing, appellee
argues that appellant did not have standing to file suit.  He states that appellant, acting as an agent
for its corporate surety, did not have authority to bring suit.  We agree with this contention.








Appellee first questioned appellant=s standing in the trial court below,
where he brought a motion to show authority pursuant to Tex. R. Civ. P. 12.  There is no conclusive evidence in the record
regarding any action taken on the motion. 
At the hearing on the motions for summary judgment, there was confusion
about what had occurred, and the trial court judge decided the issue was moot.  We disagree and believe appellee
appropriately raises standing here, as standing is a component of subject
matter jurisdiction that can be raised at any time and cannot be waived, Texas
Assoc. of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 444-45 (Tex.
1993).

In examining a party=s standing for the first time on
appeal, the appellate court must construe the petition in favor of that party
and, if necessary, review the whole record to determine whether there is any
evidence supporting standing.  Id. at
446; see also Bland Indep. Sch.
Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000) (AIn sum, a court deciding a plea to
the jurisdiction is not required to look solely to the pleadings but may
consider evidence and must do so when necessary to resolve the jurisdictional
issues raised.@). 
The general test for standing requires that there be a real controversy
between the parties that can be determined by the judicial declaration sought.  Texas Assoc. of Bus., 852 S.W.2d at
446; see also The State Bar of Texas v. Gomez, 891 S.W.2d 243, 245 (Tex.
1994).  There must be a restriction of
the plaintiff=s rights--not of another=s, Bailey v. City of Austin,
972 S.W.2d 180, 184-85 (Tex. App.--Austin 1998, pet. denied); that is, the
party must have a justiciable interest.

From a review of the record in the
present case, we believe appellant lacked standing to bring suit.








Appellant brought its suit pursuant
to its license as an agent for IFI, the corporate surety.  Appellee argued
that appellant was pursuing suit in its capacity as agent for IFI and that IFI
was not involved in the lawsuit. 
Appellant agreed and stated it was suing on its own behalf for its own
damages arising under the license.

Tex. Rev. Civ. Stat. Ann. art. 2372p-3, ' 7 is the provision enacted to deal
with corporate sureties.  Tex. S.B. 727,
67th Leg., R.S., ch. 312, 1981 Tex. Gen. Laws 875,
881.  Under subsection (c), a corporation
acting as a surety is required to file a power of attorney designating and
authorizing the named agent of the corporation to execute bail bonds.  Tex. Rev. Civ. Stat. Ann. art. 2372p-3, ' 7(c) (Vernon Supp. 1999) (now
contained in Tex. Occ. Code Ann. ' 1704.211(a) (Vernon Supp. 2002)).  There must be a separate license for each
agent acting under a corporate power of attorney.  Tex. Rev. Civ. Stat. Ann. art. 2372p-3, ' 7(c) (Vernon Supp. 1999) (now
contained in Tex. Occ. Code Ann. ' 1704.154(e) (Vernon Supp. 2002)).  Appellant was acting pursuant to one such
license from IFI.  

As its agent, appellant was
authorized to act for IFI.  It
essentially consented to act on behalf of, and subject to, the control of IFI,
which had manifested consent that it so act. 
See Robles v. Consolidated Graphics, Inc., 965 S.W.2d 552,
557 (Tex. App.--Houston [14th Dist.] 1997, pet. denied) (citing Hand v. Dean
Witter Reynolds, Inc., 889 S.W.2d 483, 493 (Tex. App.--Houston [14th Dist.]
1994, writ denied)).  It was authorized
to execute bonds on behalf of the corporation.








Appellant was also given qualifying
power of attorney.  As IFI=s attorney in fact, appellant was
appointed for a definite purpose.  See Harkins v. Murphy & Bolanz,
112 S.W. 136, 138 (Tex. Civ. App. 1908, writ dism=d).  Specifically, appellant was given limited
authority to

[S]ign, execute, acknowledge, and deliver for and on [IFI=s] behalf as Surety, subject to the limitation as
herein set forth, any and all papers and documents necessary or incidental to
making of Bail Bonds in Judicial Proceedings, whether criminal or civil; supersedeas bonds, peace bonds, appeal bonds or any other
kind of appearance bond in any State Court, County Court or Municipal Court,
and in all U.S. Federal Courts, and all U.S. Federal Agencies . . . . 

 

Telles was not given authority to pursue
this suit.  The pursuit of the cause was
not incidental to Telles=s making bonds.  Moreover, no explicit authority was given
from the principal for appellant to bring suit.[3]  The refusal of the bonds was really a possible
infringement on IFI=s rights and the cause of action belonged to IFI.








IFI was a necessary and indispensable
party to the suit.  DeLoach
v. Moore, 185 S.W.2d 195, 197 (Tex. Civ. App.--El
Paso 1944, no writ) (AAll persons who have or claim a direct interest in the object
and subject matter of the suit and whose interest will necessarily be affected
by any judgment that may be rendered therein are necessary or indispensable
parties plaintiff or defendant.@).  The bail bond
agreements were under its license and defaults related back to it, yet it was
not joined in the action.

In contrast, appellant was affected
only in its capacity as a representative for IFI.  Appellant had no greater interest in the
dispute than the proceeds arising from its use of the license.  IFI had several agents under its power as a
corporate surety, as was allowed by statute, Tex.
Rev. Civ. Stat. Ann. art. 2372p-3, ' 7(c) (Vernon Supp. 1999) (now
contained in Tex. Occ. Code Ann. ' 1704.211(c) (Vernon Supp. 2002)); Tex.
Rev. Civ. Stat. Ann. art. 2372p-3, ' 7(c) (Vernon Supp. 1999) (now
contained in Tex. Occ. Code Ann. ' 1704.154(e) (Vernon Supp. 2002)).  If any combination of the agents was in
default on five judgments, appellee could have ceased
accepting bonds from any of them, not only appellant.  Tex. Rev. Civ. Stat. Ann. art. 2372p-3, ' 14A(a)
(Vernon Supp. 1999) (now contained in Tex.
Occ. Code
Ann. ' 1704.212(a) (Vernon Supp. 2002)).  The bail bond agreements did not belong to
appellant but to IFI, and IFI was ultimately liable for them.  Id.; see also Harris County Bail
Bond Bd. v. Blackwood, 41 S.W.3d 123, 125 (Tex. 2000) (suggesting that
under Tex. Rev. Civ. Stat. Ann. art.
2372p-3, ' 6(f)(3), an
agent is not personally liable for bonds). 
The suit could only have been brought by Telles
on IFI=s behalf.  Thus, appellant wrongfully pursued the action
on its own.








Conclusion

Appellant lacked standing to bring
suit, and the trial court lacked jurisdiction. 
We therefore dismiss this cause for lack of jurisdiction.  Appellee=s motion for rehearing is overruled.

 

SUSAN
LARSEN, Justice

August 1, 2002

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)











[1]As
of January 6, 1999 (before the hearing on the summary judgment motions), Telles was no longer licensed through its relationship with
IFI.





[2]El
Paso County is under the jurisdiction of a bail bond board.  See Tex.
Rev. Civ. Stat. Ann. art. 2372p-3, ' 5(a) (Vernon Supp. 1999) (now
contained in Tex. Occ. Code Ann. ' 1704.051 (Vernon Supp. 2002)).





[3]Appellee=s
motion to show authority asserted that there was no authorization for the
suit.  The motion stated that authority
was sometimes granted for such suits but that such authority was required to be
in writing by the company.  No such
evidence is in the record.  We also note
that as of January 6, 1999, before hearing on the motions, all of appellant=s authority through IFI was withdrawn.