Opinion issued October 9, 2003











In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00867-CV
____________

IN RE BANK OF AMERICA, N.A., Relator




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION ON REHEARING

          On June 12, 2003, we denied the petition for writ of mandamus of relator, Bank
of America (“the Bank”), which had challenged three orders of Judge Oakley,


 and
we withdrew a previously granted stay of certain of those orders. The Bank has
moved for rehearing, but now challenges only the trial court’s order of July 29, 2002,
which required the Bank to take possession of and to sell a vehicle. We grant the
Bank’s rehearing motion and conditionally grant mandamus relief with respect to this
order. We deny mandamus relief for all other challenged orders.
Background



          In October 1999, the real party in interest, Cliff Jones, Inc. (“CJI”), sold a
travel trailer to Braxton and Sheryl Pate, who are husband and wife. As part of that
sale, the Pates traded in a 1995 recreational vehicle (“RV”; this particular vehicle is
designated “the Pate RV” herein) for a credit of $5,596.04, the difference between the
Pate RV’s trade-in value of $21,350 and the amount of the Pate RV’s financing lien,
held by the Bank, of $15,753.96. Braxton Pate allegedly represented that the Pate RV
was in “perfect” condition, but CJI claimed that, unbeknownst to CJI at the time, the
vehicle was damaged. CJI further alleged that Braxton Pate represented that the Pate
RV was registered solely in the name of Sheryl Pate and that he would provide
merchantable title.
          CJI alleged that, before completing the sale to the Pates, CJI contacted a Bank
employee, who confirmed the pay-off amount and also that the Pate RV’s title was
solely in the name of Sheryl Pate. The Bank disputes whether its employee verified
or even had access to the title information. In any event, the Pate RV’s title was
actually in the names of Sheryl Pate her late father, William Radford Burnette, but
CJI alleged that it did not learn this information before completing the sale.
          To complete the transaction, Sheryl Pate filled out a form, in her name alone,
that gave CJI power of attorney to transfer the Pate RV’s ownership. CJI then sent
the Bank a cashier’s check to pay off the Pate RV’s note. After having negotiated the
check, the Bank sent the title, showing the Bank’s lien released, to the Pates, instead
of to CJI—the Bank claims accidentally, CJI claims wrongfully. After having tried
to recover the title from the Pates without success, the Bank obtained a replacement
title, which the Bank sent to CJI in December 1999. CJI alleged that it first learned
that the Pate RV’s title listed two owners when CJI received the replacement title. 
CJI then sued Braxton Pate (but not Sheryl Pate) and the Bank, alleging fraud and
conversion and seeking actual and exemplary damages from both.
          In April 2000, in a separate transaction from that involving the Pates, CJI sold
a vehicle to Mr. and Mrs. Woytek. As part of the sale, the Woyteks traded in an RV,
on which the Bank held a $10,355.99 lien. CJI sent the Bank a cashier’s check,
which the Bank negotiated, to pay off the Woyteks’ lien. The same month, CJI
obtained clear title to the Woyteks’ traded-in RV. CJI alleged that, in May 2000,
Bank employee Tamika Williams nevertheless contacted the Woyteks, falsely
claiming that CJI had not paid off the loan and demanding payment. Although the
matter was eventually resolved, CJI amended its petition in the Pate lawsuit to allege
defamation against the Bank based on Williams’s statements to the Woyteks. CJI
claimed that Williams’s statement had damaged future business with the Woyteks,
and CJI sought actual and exemplary damages against the Bank.
          The Bank sought mandamus relief in this Court from three ancillary orders in
the Pate lawsuit: (1) an order, dated April 25, 2002, denying the Bank’s second
motion to compel discovery and for sanctions; (2) an order, dated July 29, 2002,
compelling the depositions of two Bank employees, Eric Telljohan and Christopher
Bates; and (3) an order, dated July 29, 2002, requiring the Bank to take possession
of and to sell the Pate RV and to deposit the sale’s proceeds into the court’s registry. 
On October 14, 2002, we temporarily stayed the portion of the order that compelled
the deposition of Eric Telljohan and the order that required the Bank to take
possession of and to sell the Pate RV. See Tex. R. App. P. 52.10. On June 12, 2003,
we denied the Bank’s mandamus petition and lifted our previous stay. See In re Bank
of Am., No. 01-02-00867-CV (Tex. App.—Houston [1st Dist.] June 12, 2003, orig.
proceeding) (mem. op.). The Bank has moved for rehearing with respect to the order
to sell the Pate RV. CJI has responded.
Standard of Review and Burden of Proof
          Mandamus relief is appropriate only when the record shows that the trial court
clearly abused its discretion and that no adequate remedy by appeal exists. In re
Daisy Mfg. Co., 17 S.W.3d 654, 658 (Tex. 2000). A trial court clearly abuses its
discretion if the court’s decision is so arbitrary and unreasonable as to be a clear and
prejudicial error of law or if the court clearly fails to analyze or to apply the law
correctly. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). An appellate
remedy is not inadequate merely because it involves more expense or delay than if
writ issued. Id. at 842. It is the relator’s burden to show its entitlement to mandamus
relief. See Canadian Helicopters v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994).
The Order for the Bank to Take Possession of and to Sell the Pate RV
          In issue seven and on rehearing, the Bank contends that the trial court abused
its discretion, for various reasons, by ordering the Bank to sell the Pate RV. In its
principal argument, the Bank claims that, because the Bank had no interest in the Pate
RV, because the RV’s owners were not parties to the Pate lawsuit, and because the
trial court had no jurisdiction over the Pate RV itself, the trial court had no
jurisdiction to order the Pate RV sold, thus rendering the order void. CJI responds
mainly that the Bank waived its mandamus challenges under Rule of Appellate
Procedure 33.1 for not having raised them below.


 See Tex. R. App. P. 33.1(a). On
rehearing, the Bank replies that rule 33.1 does not apply to original proceedings.
          Rule 33.1 does not expressly apply to original proceedings.


 See Tex. R. App.
P. 33.1(a) (“As a prerequisite for presenting a complaint for appellate review, . . . .”)
(emphasis added). That does not mean, however, that the concept of waiver has no
application in an original proceeding or that a relator has no duty to raise non-jurisdictional arguments in the trial court. “Mandamus is an extraordinary remedy,
not issued as a matter of right, but at the discretion of the court. Although mandamus
is not an equitable remedy, its issuance is largely controlled by equitable principles.” 
Rivercenter Assocs. v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993) (citations omitted). 
Equity is generally not served by issuing an extraordinary writ against a trial court on
a ground that was never presented to the court and that the court thus had no
opportunity to address. Moreover, the standard of review on mandamus is whether
the trial court clearly abused its discretion. It would be hard to conclude, without
circumstances that were highly unusual or that made a trial court’s ruling void, that
a trial court could abuse its discretion in making a ruling for a reason that was never
presented to the court.
          But when an order is void, the relator need not have advised the trial court of
jurisdictional challenges to that order to be entitled to mandamus relief in an appellate
court. This is true because lack of jurisdiction is fundamental error and may be raised
for the first time in an appellate court. See Mapco, Inc. v. Carter, 817 S.W.2d 686,
687 (Tex. 1991). Additionally, subject-matter jurisdiction cannot be conferred by
consent, waiver, or estoppel. See Fed’l Underwriters Exch. v. Pugh, 174 S.W.2d 598,
600 (Tex. 1943); Tourneau Houston, Inc. v. Harris County Appraisal Dist., 24
S.W.3d 907, 910 (Tex. App.—Houston [1st Dist.] 2000, no pet.). The Bank’s main
challenge is that the order of sale is void, not just voidable. We thus consider that
challenge.
 
          “Absent one of those rare circumstances that makes the judgment ‘void,’ the
mere fact that an action by a court . . . is contrary to statute, constitutional provision
or rule of civil or appellate procedure makes it ‘voidable’ or erroneous. A judgment
is void only when it is apparent that the court rendering the judgment had no
jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter
the judgment, or no capacity to act as a court.” Mapco, Inc. v. Forrest, 795 S.W.2d
700, 703 (Tex. 1990). 
          Here, the trial court had no personal jurisdiction over Sheryl Pate or William
Radford Burnette or his heirs, the title holders of the Pate RV, because they were not
named as parties to the suit.


 See Nixon v. Cowan, 135 S.W.2d 96, 98-99 (Tex. 1940)
(holding that entity, which was named as “nominal defendant” only, against which
no relief was sought, on which citation was not served, and which had not appeared
in suit, was “not brought within the court’s active jurisdiction”); see also Mohamed
v. AutoNation USA Corp., 89 S.W.3d 830, 837 (Tex. App.—Houston [1st Dist.] 2003,
no pet.) (combined appeal & orig. proceeding) (“Generally speaking, a trial court has
no personal jurisdiction over defendants that have not yet been served, appeared, or
otherwise waived service, and they are thus not yet parties to the suit.”); Fikes v.
Ports, 373 S.W.2d 806, 808 (Tex. Civ. App.—Fort Worth 1963, writ ref’d n.r.e.). 
The trial court’s order thus could not bind the Pate RV’s title holders or divest them
of their property rights. See Edinburg Irrigation Co. v. Paschen, 235 S.W. 1088,
1091 (Tex. Comm’n App. 1922, judgm’t adopted) (holding, “But where the
proceeding is not strictly in rem, . . . the court cannot render a judgment which shall
be valid against the rights of third persons, unless it is shown that such third persons
have voluntarily appeared and become parties to the suit, or have had legal notice of
the pendency of the suit and an opportunity to be heard therein.”); Lee v. Massey, 135
S.W.2d 529, 531 (Tex. Civ. App.—Dallas 1939, no writ). Furthermore, the order to
sell the Pate RV recites only that CJI and the Bank appeared and that Braxton Pate
defaulted by not appearing; the order does not mention Sheryl Pate or William
Radford Burnette or his heirs or state that they received any notice.
          When a trial court has no in rem jurisdiction over property owned by a person
who is not before the court, the court cannot dispose of the property. See Paschen,
235 S.W. at 1091. Here, the trial court had no in rem jurisdiction over the Pate RV
because the Pate lawsuit was in personam, not in rem or even quasi in rem.


 
Accordingly, the trial court had no power to order any party—especially a party that
had no interest in the Pate RV whatsoever—to dispose of the RV because the court
had no in rem jurisdiction over the RV itself and no personal jurisdiction over the
RV’s owners.


 Cf. Paschen, 235 S.W. at 1092 (“Jurisdiction in a particular matter 
. . . requires that the parties whose rights are to be affected be brought before the court
in the manner prescribed by law, and that their interest be put in issue in the particular
action before the court.”); cf. Graham v. Graham, 733 S.W.2d 374, 377 (Tex.
App.—Amarillo 1987, writ ref’d n.r.e.) (“‘Jurisdiction of a court must be legally
invoked . . . .’ In order to invoke the court’s jurisdiction . . . persons or property over
which the court has potential jurisdiction must be brought before the court by service
of process . . . . Until the court’s potential jurisdiction is activated, the court is not
authorized to exercise its jurisdictional power.”) (citations omitted). The order to sell
the Pate RV was void for this reason. See Forrest, 795 S.W.2d at 703; Fikes, 373
S.W.2d at 808 (holding that order subjecting property to receivership was “complete
nullit[y]” because defendant-property owners had not been served with citation); Lee,
135 S.W.2d at 531 (holding that judgment adjudicating custody of children was
“nullity” because mother had not been made party to judgment). Because the order
was void, it is of no importance that the Bank did not complain of the order below or
that it agreed that the Pate RV should be ordered sold. See Carter, 817 S.W.2d at
687; Tourneau Houston, Inc., 24 S.W.3d at 910.
          Mandamus will issue to vacate “an interlocutory or temporary order that the
court had no jurisdiction to make,” as well as “to prevent a court from exercising
jurisdiction it does not have, even if there is an adequate remedy by appeal.” In re
Cornyn, 27 S.W.3d 327, 332 (Tex. App.—Houston [1st Dist.] 2000, orig.
proceeding). Accordingly, we grant rehearing, conditionally grant mandamus relief,
and order the trial court to vacate its July 29, 2002 order for the Bank to take
possession of and to sell the Pate RV. Writ will issue only if the trial court does not
vacate that order. We deny mandamus relief for any other challenged order.
 

 
Tim Taft
Justice

Panel consists of Justices Taft, Jennings, and Hanks.